PRITCHARD ET AL., APPELLANTS, *v.*
RIVERSIDE METHODIST HOSPITAL, APPELLEE.

(No. 78AP-368—Decided October 17, 1978.)

*Messrs. Wolske & Blue, Mr. Walter J. Wolske, Jr.,* and
*Mr. Dennis M. McCarty,* for appellants.
*Messrs. Bricker, Evatt, Barton & Eckler, Mr. Bruce G.
Lynn* and *Mr. Danny L. Cvetanovich,* for appellee.

REILLY, J. This is an appeal from a judgment of the
Court of Common Pleas of Franklin County, Ohio.

The record indicates that between September 22, 1972,
and November 17, 1972, appellant Betty Pritchard was
treated by radium therapy for cancer by defendant-appellee,
Riverside Methodist Hospital. She returned for a follow-up ex-
amination on December 22, 1972, and has not received addi-
tional treatment from appellee since that date. Subsequently,
plaintiffs-appellants, Betty and Walter Pritchard, filed a com-
plaint in the Court of Common Pleas alleging that appellee's
employees negligently administered an overdose of radiation,
causing Mrs. Pritchard severe radiation burns. Further, they
alleged that appellee had acted with wanton misconduct. Ap-
pellants sought compensatory and punitive damages for per-
sonal injuries to Mrs. Pritchard, and loss of consortium and
services to Mr. Pritchard.

Appellee denied the allegations and filed a motion for summary judgment. Appellee contended that the action had not been timely filed within the applicable statute of limitations. The trial court sustained the motion for summary judgment, and stated the following in its written decision:

"This cause came on to be heard on the motion of the defendants for summary judgment on the grounds that plaintiff's action was not filed, as requied [*sic*] by 2305.09 Revised Code, 2305.10 Revised Code.

"Defendant claims that Plaintiff has had no treatment or examination since December 21, 1972. The within action was filed in March, 1977. Plaintiff, in the memorandum contra, admits the radiation therapy was 'late' in 1972. Plaintiff's case, as indicated in the memorandum, is that she did not learn of (or discover) defendant's claimed negligence until March, 1975 and filed her negligence action within the two year period of time of 'discovery.' Plaintiff claims that the statute of limitations begins to run from the time the claimed negligence was discovered.

"The law at present seems fairly well defined in Ohio and distinguishes between foreign objects left in the body and other types of negligence. The 'foreign objects' principle apparently is predicated upon a continuing negligence so the statute starts to run when the object is found. So far, Ohio has limited this 'discovery' doctrine to foreign objects. Otherwise, the time begins to run when the patient-physician (or hospital) relationship finally terminates. *Wyler* v. *Tripi*, 25 Oh. St. 2d 164 (1971).

"Justice Herbert, in his majority opinion, in *Wyler* states that this is a matter to be resolved by legislation, which Ohio has declined to do. We quote the following from his opinion:

"'In consideration of the obvious and repeated disinclination of the General Assembly to amend its malpractice statute of limitations, we are compelled to adhere to our former decisions on the question and refrain from judicially adopting that which has so clearly been legislatively rejected.'

"In the case of *Simmons* v. *Riverside Methodist Hospital,* 44 O. A. 2 146 (1975), it was held:

"'In an action for medical malpractice against a physician, when allegations are made that incorrect blood tests were conducted, the one year statute of limitations regulating such an

action is not tolled until the negligence is discovered, as where a foreign object is found inside a former patient, but the cause of action accrues when the physician-patient relationship finally terminates.'

"The Franklin County Court of Appeals in speaking to the issue stated, in distinguishing the case before it and the *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198, a 'foreign object' case:

"'At this point in time, we hold that the supreme judicial body of this state has spoken as to the issues presented. We interpret the case of *Melnyk* v. *Cleveland Clinic, supra,* as holding that the law of Ohio at this moment in time is that the doctrine of "discovery" shall not be extended beyond the discovery of a "foreign object" found following a surgical case, to a case of the nature that we have before this court involving an incorrect analysis or interpretation.'

"Accordingly, based upon the foregoing, the Court hereby sustains the motion for summary judgment of the Defendant."

Whereupon, appellants have perfected this appeal, including the following assignment of error:

"The trial court committed prejudicial error when it misinterpreted case law relating to the date of accrual of a cause of action for medical negligence and held that appellants' claims were barred by the statute of limitations."

Thus, the trial court found that *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, and *Simmons* v. *Riverside Methodist Hospital* (1975), 44 Ohio App. 2d 146, are dispositive of this case. In *Simmons,* this court declined to deviate from the termination-of-treatment rule reaffirmed by the Supreme Court in the *Wyler* case. Nonetheless, appellants contend that this case is factually distinguishable, and is within the facts of *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198, in which the Supreme Court held that the statute of limitations was tolled until the patient could have reasonably discovered the presence of a foreign object negligently left in his body by the defendant during a surgical operation. Appellants claim that the radiation treatments represent a "foreign object" within the meaning of the *Melnyk* standards. Hence, appellants assert that the trial court erred in declining to apply the tolling rule in this case. Nevertheless,

in *Melnyk, supra,* at page 200, the Supreme Court carefully distinguished "foreign object" cases in the following language of the opinion:

"Under the record presented here, we are not now faced with facts akin to those in *Wyler.* In the instant case, it is difficult, if not impossible, to imagine a defense to the act charged. To carelessly leave a large and obvious metallic forceps and a nonabsorbent sponge in a surgical patient's body is negligence as a matter of law, and the proof thereof is generally unsusceptible to speculation or error. The relationship between the utterly helpless surgical patient and his surgeon, during surgery, is such that the latter must be held to have assumed the responsibility for the removal of such articles, excepting only those which are intentionally left there for sound medical reasons. Furthermore, as problems of proof and defense dwindle, so does the persuasiveness of the 'stale claims' reasoning."

We find that exposure to radiation treatments simply does not leave a "foreign object" in the body within the fundamental meaning of that term. The *Melnyk* decision is properly limited to cases involving foreign objects of a visible and tangible character. Thus, the trial court correctly applied the prevailing case law in sustaining the motion for summary judgment. Accordingly, appellants' assignment of error is not well taken and is overruled, and the judgment of the Court of Common Pleas of Franklin County is hereby affirmed.

*Judgment affirmed.*

WHITESIDE and MCCORMAC, JJ., concur.