VANCE ET AL., APPELLANTS, *v.* ST. VINCENT HOSPITAL
AND MEDICAL CENTER ET AL., APPELLEES.

(No. 80-8—Decided November 26, 1980.)

Messrs. *Goldberg, Williams, Jilek & Lafferty* and *Mr. David R. Goldberg,* for appellants.

Messrs. *Shumaker, Loop & Kendrick, Mr. Robert M. Anspach* and *Mr. Dennis P. Witherell,* for appellees.

SWEENEY, J. Resolution of this cause is dependent upon interpretation of the medical malpractice statute of limitations, R. C. 2305.11, as amended in July 1975, by Am. Sub. H. B. No. 682, and of its effect on potential malpractice plaintiffs who are minors over the age of 10.[1]

---

[1] R. C. 2305.11 provides, in pertinent part:

"(A) An action for***malpractice, including an action for malpractice against a physician [, podiatrist,] or a hospital,***shall be brought within one year after the cause thereof accrued,***.

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given.

"(B) In no event shall any medical claim against a physician [, podiatrist,] or a hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician [, podiatrist,] or hospital apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code, provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital." (Contains bracketed changes as adopted by Am. H. B. No. 1426, effective July 1, 1976.)

The parties disagree as to the effect of that part of R. C. 2305.11(B) which reads:

"The limitations in this section for filing such a malpractice action against a physician, podiatrist, or hospital apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code***."[2]

Appellants argue that this language refers only to the four-year limitations period contained in the remainder of R. C. 2305.11(B). They contend that this provision has no effect on the one-year limitations period of R. C. 2305.11(A). Under their interpretation, R. C. 2305.16 continues to toll the running of the one-year limitations period until a minor reaches the age of 18. Appellants concede that pursuant to R. C. 2305.11(B), R. C. 2305.16 could not "save" a minor's cause of action for a period longer than four years from the alleged malpractice.[3] Pursuant to appellants' argument, the cause herein was timely because it was filed within one year from Marcella Vance's eighteenth birthday and prior to the expiration of four years "after the act or omission constituting the alleged malpractice."

Conversely, appellees argue that R. C. 2305.11(B) negates in full any tolling effect of R. C. 2305.16 in medical malpractice actions and other actions asserting medical claims. They contend that the sole tolling provision for legal disabilities in medical malpractice actions is for "a minor who has not attained his tenth birthday" when the cause of action accrues, who "shall have until his fourteenth birthday in which to file an action for malpractice against a physician or a

---

[2] R. C. 2305.16 provides, in pertinent part:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed."

[3] Under appellants' interpretation, a minor obtaining a cause of action in medical malpractice at the age of 10, 11, 12, 13, or 14 would have until the fourth anniversary of the date of the malpractice in which to file suit. A minor whose cause of action in malpractice accrues at the age of 15, 16, or 17, would be required to file suit on or before his 19th birthday, having become bound by the one-year limitations period of R. C. 2305.11(A) upon reaching majority.

hospital." R. C. 2305.11(B). Appellees maintain that, with this sole exception, all persons are subject to identical rules for determining the timeliness of their medical malpractice actions.

Our primary purpose in interpreting a statute is to effectuate the intent of the General Assembly. *Henry* v. *Central Natl. Bank* (1968), 16 Ohio St. 2d 16; 50 Ohio Jurisprudence 2d 139, Statutes, Section 169. Legislative intent is primarily determined from the language of the statute itself. *Steward* v. *Trumbull County Bd. of Elections* (1973), 34 Ohio St. 2d 129, 130. The General Assembly must be assumed or presumed to have used the words of a statute advisedly. *Wachendorf* v. *Shaver* (1948), 149 Ohio St. 231, 236-237.

Inherent in appellants' argument is the premise that the term "section" in R. C. 2305.11(B) ("the limitations in this *section* * * *apply to all persons* * * *notwithstanding section 2305.16 of the Revised Code") does not mean R. C. 2305.11 in its entirety, but only R. C. 2305.11(B). However, a review of Am. Sub. H. B. No. 682 discloses that throughout the Act, a distinction is made between statutory "sections" and statutory "divisions," *e.g.,* R. C. 2305.11(A) ("if a written notice, prior to the expiration of time contained in this *division,* is given* * *"); R. C. 2305.27 ("in any medical claim, as defined in *division* [B] of *section* 2305.11"); and R. C. 2711.23(J) (patient's rights "under *division* [B] of this *section*").[4] Thus, had the General Assembly intended that the disputed language of R. C. 2305.11(B) have reference only to the first sentence of division (B), it would have provided, consistent with the rest of the Act, that the "limitations in this *division* * * *apply to all persons* * * *notwithstanding section 2305.16 of the Revised Code," rather than providing that the "limitations in this *section* * * *apply* * *."

However, our determination concerning the use of the word "section" rather than "division" in R. C. 2305.11(B) does not conclude our inquiry into the legislative intent of the statute. R. C. 1.49, a codification of judicially formulated rules of statutory construction, provides:

---

[4] See, also, R. C. 2317.54; 2711.21(A), (D) and (E); 2711.23(B); 2743.43(B); 3929.72(A) and (B).

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

R. C. 2305.11(B) was enacted in July 1975 as part of Am. Sub. H. B. No. 682—legislation declared to be "an emergency measure necessary for the immediate preservation of the public peace, health, and safety" due to "the fact that immediate action is necessary to insure a continuance of health care delivery to the citizens of Ohio." *Id.*, at Section 8. The legislation was comprehensive in nature and consisted of a response to what was largely perceived throughout the country to be a medical malpractice "crisis"[5] manifested by sharply increased medical malpractice insurance premiums, cancellation of policies, and physician work slowdowns or stoppages.[6]

Prior to the adoption of Am. Sub. H. B. No. 682, R. C. 2305.11 provided simply that "[a]n action for***malpractice***shall be brought within one year after the cause thereof accrued***[135 Ohio Laws 982]." Since *Gillette* v. *Tucker* (1902), 67 Ohio St. 106, this court has consistently held that a cause of action in medical malpractice does not "accrue," and hence the statute of limitations does not begin to run, until the termination of the physician-patient relationship.[7] Additionally, in *Melnyk* v. *Cleveland Clinic* (1972), 32

---

[5] Appellants take issue with the contention that a medical malpractice insurance "crisis" ever, in fact, existed or was justified; but they acknowledge that the impetus behind Am. Sub. H. B. No. 682 was the perception of such a crisis.

[6] See Comment, An Analysis of State Legislative Responses to the Medical Malpractice Crisis, 1975 Duke L. J. 1417; Notes, Ohio's Statute of Limitations for Medical Malpractice, 38 Ohio St. L. J. 125, 139; Notes, Ohio's RX for the Medical Malpractice Crisis: The Patient Pays, 45 Cincinnati L. Rev. 90.

[7] *DeLong* v. *Campbell* (1952), 157 Ohio St. 22; *Lundberg* v. *Bay View Hospital* (1963), 175 Ohio St. 133; *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164. See, also, *Corpman* v. *Boyer* (1960), 171 Ohio St. 233.

Ohio St. 2d 198, it was held that where alleged medical malpractice consists of negligently leaving a foreign object in a patient's body, the one-year statute of limitations is tolled until the patient discovers or, by the exercise of reasonable diligence, should have discovered the negligent act.

It can readily be seen that, prior to the adoption of R. C. 2305.11(B), a medical malpractice action could, under certain circumstances, be timely filed many years after the malpractice itself occurred, for the reason that the patient's cause of action does not necessarily accrue simultaneously with the act or omission constituting the malpractice. In the *Melnyk* case, for example, the plaintiff's action was deemed timely although filed nearly 11 years from the allegedly negligent surgery.

We do not believe the purpose of the General Assembly in adopting R. C. 2305.11(B) while leaving R. C. 2305.11(A) virtually unchanged was to alter this court's prior interpretations of the medical malpractice statute of limitations, but rather was to establish, as a rule of general applicability, a maximum period of four years from the alleged malpractice itself within which a potential plaintiff must bring his action irrespective of the date on which his cause of action accrues.[8] The purpose of the second sentence of R. C. 2305.11(B) was to totally negate any tolling effect of R. C. 2305.16 in medical malpractice cases. The General Assembly intended to mitigate the harshness of its decision to remove the legal disability of minority in medical malpractice actions only to the extent that minors under the age of 10 be permitted to bring suit longer than one year from the accrual of the cause of action and four years from the date of the malpractice, the sole time limitation for such plaintiffs being their fourteenth birthday.

We may not question the wisdom of this legislation. Unless a statute is constitutionally deficient this court must uphold it. *Ohio Mathieson Chemical Corp.* v. *Ontario Store* (1967), 9 Ohio St. 2d 67, 70. Having interpreted R. C. 2305.11 concordant

---

[8] Appellants argue, in effect, that this construction of R. C. 2305.11 may have the result of barring a patient's cause of action prior to its accrual (*e.g.,* where the doctor-patient relationship extends beyond a four-year period from the alleged malpractice). This cause does not present such a factual situation. We express no opinion as to the constitutionality of R. C. 2305.11 when applied in such a manner.

with what we firmly believe to be the intent of the General Assembly, we find that the constitutionality of the statute, not being an issue raised in the lower courts, is not before us. *Republic Steel Corp.* v. *Bd. of Revision* (1963), 175 Ohio St. 179; *Szymanski* v. *Halle's* (1980), 63 Ohio St. 2d 195, 198-199.

Unrefuted affidavits filed in this cause on behalf of the appellees' motion for summary judgment show that Marcella Vance ceased being Dr. Meyer's patient on April 16, 1976, and the hospital's patient on June 21, 1976. She was on each of those dates over the age of 10 and subject to the one-year limitations period of R. C. 2305.11. However, neither Marcella Vance nor her mother filed suit or served notice on the respective appellees of their intent to commence litigation until October of 1977. The medical claims asserted in this action are thus barred by the statute of limitations.[9]

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, LOCHER, HOLMES and DOWD, JJ., concur.

---

[9] For the first time in a supplemental brief filed after the oral argument of this cause, appellants argue that Doris Vance's claim is not subject to the one-year limitation of R. C. 2305.11, but rather the four-year limitation of R. C. 2305.09(D). Throughout this litigation appellants have not disputed appellees' contention that R. C. 2305.11 is dispositive of both plaintiffs' claims, but conversely have argued that the mother's claim rises and falls with the daughter's. "Issues not raised in the lower court and not there tried and which are completely inconsistent with and contrary to the theory upon which appellants proceeded below cannot be raised for the first time on review." *Republic Steel Corp.* v. *Bd. of Revision, supra.* See, also, 5 Ohio Jurisprudence 3d 68, Appellate Review, Section 516.