DAWSON, APPELLANT, *v.*
NEWKIRK, APPELLEE.

(No. 81AP-456—Decided December 1, 1981.)

*Barkan & Neff Co., L.P.A.,* and *Mr. Frank J. Neff,* for appellant.

*Messrs. Bricker & Eckler, Mr. John F. Birath* and *Ms. Elisabeth A. Squeglia,* for appellee.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

The record indicates that on June 28, 1965, plaintiff underwent surgery at St. Ann's Hospital for uterine fibroids. Defendant performed the operation and apparently failed to remove a needle from the plaintiff. The object was allegedly discovered for the first time on January 7, 1978, by X-ray after plaintiff was admitted to St. Anthony Hospital for treatment concerning some disturbance with digestion.

Plaintiff notified defendant in writing on January 4, 1979, that she was considering bringing this action. She alleged in her complaint that she will incur reasonable medical and hospital expenses for surgery to remove the foreign object.

This case was filed on July 2, 1979. Subsequently, defendant moved for summary judgment which was granted by the trial court. The decision reads as follows:

"Defendant has moved for summary judgment in this action. Plaintiff has replied with memorandum contra. The crucial issue of Defendant's motion is whether Plaintiff's action is barred by the statute of limitations pursuant to Ohio Revised Code 2305.11. It is this Court's opinion that said statutory provision presents an absolute bar to Plaintiff's cause of action, to wit, the statute prescribes four (4) years as a maximum and thus eliminates the 'tolling till discovery' interpretation of the prior statute of limitations.

"It must, therefore, be this Court's decision that summary judgment for Defendant must be and hereby is SUSTAINED. Counsel for Defendant shall prepare an entry accordingly."

Plaintiff has now perfected this appeal, including the following assignments of error:

"I. The court incorrectly held that Ohio Revised Code Section 2305.11 retroactively bars appellant's action for appellee's negligent act.

"II. The Ohio Constitution requires that a reasonable application be given to the retroactive use of statutes of limitation."

Plaintiff's assignments of error are interrelated and considered together. It is undisputed that the medical malpractice statute of limitations (R.C. 2305.11) in-

volving foreign object cases is tolled until plaintiff discovers or by the exercise of reasonable diligence should have discovered the negligent act. *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198 [61 O.O.2d 430], and *Pritchard* v. *Riverside Methodist Hosp.* (1978), 64 Ohio App. 2d 125 [18 O.O.3d 96].

Nevertheless, R.C. 2305.11(B) reads as follows:

"In no event shall any medical claim against a physician, podiatrist, or a hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician, podiatrist, or hospital apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code, provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital."

Considering that R.C. 2305.11(B) was enacted three years after the *Melnyk* decision, along with the language specifying the statute's intent to limit "any" malpractice to four years, it can readily be inferred that foreign object cases are so limited. Hence, it appears that R.C. 2305.11(B) limits the *Melnyk* discovery rule to four years.

The Supreme Court has held in *Vance* v. *St. Vincent Hosp.* (1980), 64 Ohio St. 2d 36, at page 41 [18 O.O.3d 216], the following:

"We do not believe the purpose of the General Assembly in adopting R.C. 2305.11(B) while leaving R.C. 2305.11(A) virtually unchanged was to alter this court's prior interpretations of the medical malpractice statute of limitations, but rather was to establish, as a rule of general applicability, a maximum period of four years from the alleged malpractice itself within which a potential plaintiff must bring his action irrespective of the date on which his cause of action accrues. * * *"

While *Vance* did not deal specifically with the constitutional issue of the statute's potential retroactivity (see *Vance,* footnote 8, page 41), the Supreme Court's interpretation of the General Assembly's intent suggests that a retroactive application of R.C. 2305.11(B) would absolutely cut off plaintiff's right to sue.

In any event, the Supreme Court in *Cox* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 501, at page 506 [21 O.O.3d 313], states:

"* * * Such retrospective application of the amended statute contravenes the general provisions set forth in R.C. 1.48 and 1.58 * * *.

"R.C. 1.48 provides as follows:

" 'A statute is presumed to be prospective in its operation unless expressly made retrospective.'

"R.C. 1.58 provides in pertinent part:

" '(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

" '(1) Affect the prior operation of the statute or any prior action taken thereunder;

" '(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded or incurred thereunder; * * *' "

Thus, R.C. 2305.11(B) cannot be applied retroactively to a prior cause of action and right to sue, although R.C. 2305.11(B) is valid when it is applied prospectively to causes of action which accrued after the statute's enactment. Furthermore, since the statute is not expressly made retroactive, it is presumed to be prospective.

In this case, plaintiff discovered the foreign object on January 7, 1978, and complied with the statute's provision by filing written notice within one year after such discovery, thereby allowing her an additional one hundred eighty days to file her complaint. Therefore, applying the

presumption that the statute is to be given prospective effect, considering the purpose of R.C. 1.48 and 1.58, plaintiff has timely commenced her action.

In sum, plaintiff's vested right to sue accrued on June 28, 1965, when she underwent surgery; but the cause of action did not accrue until January 7, 1978, when the alleged negligence was discovered. The application of the four year provision of R.C. 2305.11(B) would contravene the constitutional proscription against retroactive laws, Section 28, Article II, Ohio Constitution, as well as R.C. 1.48 (statutes to operate prospectively unless expressly made retrospective) and R.C. 1.58 (amendment does not affect any liability or penalty already incurred or remedy to be enforced).

Therefore, plaintiff's assignments of error are well taken and sustained. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed*
*and cause remanded.*

MOYER and NORRIS, JJ., concur.