McMINN, APPELLANT, *v.* D.V. RAMANI,
M.D. & ASSOCIATES, INC.,
APPELLEE.

(No. 11610—Decided June 20, 1984.)

*Ernest L. McMinn, pro se.*
*George J. Emershaw,* for appellee.

BAIRD, P.J. Pursuant to R.C. 2945.39, the Medina Common Pleas Court ordered a psychiatric evaluation of plaintiff, Ernest L. McMinn. Defendant, D.V. Ramani, M.D. and Associates, Inc., conducted this evaluation at the Summit County Jail during September 1981. On August 14, 1983, plaintiff filed this action alleging that defendant negligently performed the evaluation. Defendant filed a certificate for leave to plead on September 15, 1983. On September 21, 1983, plaintiff moved for default judgment. On October 6, 1983, defendant moved for an additional leave to plead for twenty-one days. The trial court granted this motion. On October 13, 1983, plaintiff moved to strike defendant's motion for leave to plead. On October 27, 1983, defendant moved to dismiss plaintiff's complaint. Plaintiff responded on November 4, 1983. On January 26, 1984, the court overruled plaintiff's motions for default judgment and to strike defendant's motion for leave to plead and granted defendant's motion to dismiss. Plaintiff appeals.

Assignment of Error 1

"The trial court erred by improper application of the time limits and statutes of the Ohio Revised Code."

The trial court dismissed plaintiff's complaint because it was not brought within one year as required by R.C. 2305.11. Plaintiff argues that the applicable statute of limitations is four years pursuant to R.C. 2305.11(B). In pertinent part R.C. 2305.11 provides:

"(A) An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician, podiatrist, hospital, or dentist, or upon a statute for a penalty or forfeiture, shall be brought within one year *after the cause thereof accrued.* * * *

"(B) In no event shall any medical claim against a physician, podiatrist, or a hospital or a dental claim against a dentist be brought more than four years *after the act or omission constituting the alleged malpractice occurred.* The limitations in this section for filing such a malpractice action against a physician, podiatrist, hospital, or dentist apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code * * *." (Emphasis added.)

Under R.C. 2305.11(A), a cause of action for medical malpractice accrues when the patient discovers, or in the ex-

ercise of reasonable diligence should have discovered, the resulting injury. *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111. Under R.C. 2305.11(B), an action on a medical claim may not be brought more than four years after the act or omission giving rise to the claim regardless of when the action accrues. But, see, *Schwan* v. *Riverside Methodist Hospital* (1983), 6 Ohio St. 3d 300; and *Opalko* v. *Marymount Hospital, Inc.* (1984), 9 Ohio St. 3d 63. Plaintiff's complaint avers that he was evaluated on September 4, 1981, and that defendant issued a report on September 28, 1981. The instant action was commenced within four years after the evaluation, and does not run afoul of R.C. 2305.11(B). The determinative question, then, is when did plaintiff discover his injury?

From the complaint it appears that the claimed injury was the finding in defendant's report that plaintiff was not insane. The injury was discoverable as soon as the report was released, September 28, 1981. Even assuming that plaintiff's injury was his conviction rather than the issuance of the report, the complaint avers that the conviction occurred more than two years before the filing of the complaint. We conclude, therefore, that the complaint plainly demonstrates that this action accrued more than one year prior to the filing of the complaint, and is barred by the statute of limitations. Plaintiff argues that the statue of limitations is tolled by his imprisonment, but R.C. 2305.11(B) clearly makes R.C. 2305.16 totally inapplicable to medical malpractice claims. *Vance* v. *St. Vincent Hospital* (1980), 64 Ohio St. 2d 36 [18 O.O.3d 216], overruled on other grounds, *Schwan* v. *Riverside Methodist Hospital, supra,* and *Opalko* v. *Marymount Hospital, Inc., supra.* Accordingly, we overrule this assignment of error.

### Assignment of Error 2

"The trial court erred when it overruled entry of default judgment."

The record reveals that defendant was not in default of answer when plaintiff moved for default judgment. Plaintiff argues that he should have been granted a default judgment because he never was served with a copy of defendant's certification for leave to plead. Proof of service is endorsed on the certificate in the record before us, and plaintiff cannot demonstrate his claimed error. Plaintiff also argues that the court erred in not sending defendant notice of a hearing pursuant to Civ. R. 55(A), but we fail to see how plaintiff was prejudiced. Accordingly, we overrule this assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

MAHONEY, J., concurs.

QUILLIN, J., concurs in judgment only.