OPINION
In December of 1994, appellant John Clapper had several pieces of glass imbedded in his right foot, which required surgery on December 23, 1994. The glass was removed by appellee Dr. Michael London. Appellant was seen by appellee for follow-up care through June of 1995. Appellant continued to have problems with pain in his foot.
In July, 1996, appellant again complained to appellee of problems with his foot. Appellee told appellant that this discomfort was not atypical when standing for long lengths of time, following foot surgery.
On September 24, 1996, appellant came under the care and treatment of Dr. Leslie Niehaus. Dr. Niehaus x-rayed the foot, and performed surgery to remove a piece of glass remaining in appellant's foot.
Appellant filed the instant action claiming that appellee was negligent in failing to perform additional x-rays, which would have discovered the remaining piece of glass. Appellant claimed that as a result of appellee's failure to discover the piece of glass and to remove it, he experienced pain and discomfort in his foot, including a loss of sensation and function.
Appellees London and the Stark County Orthopedic Association moved for summary judgment. Appellees argued that appellant had no expert testimony to support his claim of negligence. Appellant argued that because the case was a "foreign object" case, no expert testimony was required. The court granted the motion for summary judgment, and dismissed the complaint.
Appellant assigns one error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT EXPERT TESTIMONY IS REQUIRED IN A FOREIGN OBJECT MEDICAL MALPRACTICE CASE, AND THAT UNDER THE FACTS DEVELOPED IN DISCOVERY, THE APPELLEE'S MALPRACTICE WAS NOT WITHIN "COMMON KNOWLEDGE" EXCEPTION TO THE EXPERT TESTIMONY RULE.
Generally, the issue as to whether a physician has proceeded in the treatment of a patient with the requisite standard of care and skill must be determined from the testimony of a medical expert. Bruni vs. Tatsumi (1976), 46 Ohio St.2d 127, 130. There is an exception to that rule in cases where the nature of the case is such that the lack of skill or care of the physician is so apparent as to be within the comprehension of laymen, and requires only common knowledge and experience to understand and judge it.Id.
The trial court did not err in finding that the instant case was not a "foreign object" case, and expert testimony was, therefore, required. The instant case involves an object which may not have been removed during surgery, but which was not placed in appellant's body by the doctor. The "foreign object" cases generally involve objects such as surgical instruments, needles, and sponges, which are left in a patient after the completion of a surgical procedure. See, Dawson vs. Newkirk (1981), 3 Ohio App.3d 162
(needle left in patient following surgery); Melnyk vs.Cleveland Clinic (1972), 32 Ohio St.2d 198 (metallic forceps and non-absorbent sponge left in patient's body following surgery);Adams vs. Sherk (1983), 4 Ohio St.3d 37 (metallic object left in patient following hysterectomy); Beatman vs. Gates (1987),36 Ohio App.3d 114 (intra-uterine device may be a foreign object where the device was not performing any birth control function).
In addition, assuming arguendo that it is within common knowledge of a lay person that a doctor should not leave a piece of glass imbedded in a patient's foot, appellant still must demonstrate that the failure to remove the piece of glass proximately caused damage. Doctor Niehaus, appellant's treating physician, could not testify to a reasonable degree of medical certainty that the piece of glass caused the irritation in the nerve. The trial court properly concluded that as a doctor with specialized training could not render an opinion as to causation, it is not the type of issue which falls within the common knowledge of lay people. Therefore, expert testimony is required.
Appellant attempts to circumvent this argument by claiming that Dr. Niehaus was not an expert witness, and he did not intend to call an expert witness to establish causation. However, the record reflects that appellant clearly intended to identify Dr. Niehaus as an expert witness. Dr. Niehaus' report, whether or not it was solicited by appellant, and his deposition testimony, are a part of the record and the evidence before the court on summary judgment.
The court did not err in granting summary judgment, as reasonable minds could come to only one conclusion, and that conclusion is adverse to appellant. Civ.R. 56(C).
The Assignment of Error is overruled.
The judgment of the Stark County Common Pleas is affirmed.
By: Reader, J. and Farmer, P. J. concur.
Hoffman, J. dissents.