DECISION AND JOURNAL ENTRY
Appellant-defendant Ben Goeller appeals the judgments of the Lorain County Court of Common Pleas, Juvenile Division, which denied his motion for relief from judgment and which allocated child support obligations for minor Bryan Goeller. This Court reverses.
 I.
Ben and Rondi Goeller were married when on June 14, 1993, Rondi gave birth to Bryan Goeller. Approximately four months later Rondi died.
In May of 1994, counsel for appellee-plaintiff Richard Lorence notified Ben Goeller that Lorence believed he was the biological father of the minor Bryan. On February 14, 1995, Lorence commenced an action to establish paternity. Subsequent court ordered DNA testing revealed that Lorence was the biological father of Bryan.
On May 7, 1997, the parties appeared in juvenile court and reached a shared parenting agreement that purported to resolve outstanding custody and child support issues for Bryan. The agreement was drafted in court, reviewed by the parties, and was signed by the parties in open court. The agreement was adopted by the juvenile court and journalized as a shared parenting order the same day.
On December 12, 1997, Goeller moved for relief from judgment under Civ.R. 60(B). Goeller argued that the oral agreement of the parties was that Bryan was to spend three out of four monthly weekends with Lorence, not four out of four weekends as reflected in the shared parenting order. Goeller argues that he failed to notice this deviation from the oral agreement, and that his lapse was the product of excusable neglect.
Without a hearing, the juvenile court issued two orders on July 23, 1998. The juvenile court denied the motion for relief from judgment, and separately ordered Goeller to pay Lorence $293 per month child support and ordered Goeller to maintain health insurance for Bryan.
Goeller timely appeals, raising six assignments of error.
 II.
In his first and second assignments of error Goeller argues that the juvenile court erred in denying his Civ.R. 60(B) motion for relief from judgment, and erred in doing so without holding an evidentiary hearing. In his third, fourth, fifth, and sixth assignments of error Goeller argues that the juvenile court erred in determining his child support liability, and erred in doing so without the benefit of an evidentiary hearing. While this Court agrees that the juvenile court erred, this Court bases its decision on a more fundamental principle. Because this Court concludes that the shared parenting order in this case is void abinitio this Court reverses.
Shared parenting orders are governed by R.C. 3109.04, which provides:
 In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child * * * the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. (Emphasis added.)
 See, also, R.C. 3109.04(G). In the instant case, Bryan is not the minor child of a marriage between Goeller and Lorence. R.C. 3109.04 and its terms for shared parenting orders is simply not applicable to this case. See, e.g., Liston v. Pyles (Aug. 12, 1997), Franklin App. No. 97APF01-137, unreported (concluding that a shared parenting order pursuant to R.C. 3109.04 had no application to a child that was not a "minor child of a marriage between appellant and appellee that is recognized by the state of Ohio."). Accordingly, the shared parenting order purportedly ordered by the trial court is void ab initio and cannot be enforced as a matter of law.
Secondly, R.C. 3113.215(B)(6)(a) expressly provides that if a court issues a shared parenting order, the court shall calculate child support using the child support schedule and worksheet set forth in R.C. 3113.215(E). The provisions of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects. Pauly v. Pauly (1997), 80 Ohio St.3d 386,390, citing Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus.
The worksheet set forth in R.C. 3113.215(E) sets up its calculations with "Column I" captioned "Father", while "Column II" is captioned "Mother". The provisions of R.C. 3113.215(E) must be construed literally, and its terms are mandatory in nature.Pauly, Marker, and Hansen, supra. Goeller and Lorence cannot be the father and mother of Bryan. Accordingly, a shared parenting agreement is inapplicable to the case at bar. The shared parenting order in this case is void ab initio and has no force of law.
This Court must interpret statutes so as to effectuate the intent of the General Assembly. Vance v. St. Vincent Hosp.
(1980), 64 Ohio St.2d 36, 39. Legislative intent is primarily divined from the language of the statute itself, and the General Assembly must be presumed to have used the words of a statute advisedly. Stewart v. Trumbull Cty. Bd. Of Elections (1973),34 Ohio St.2d 129, 130. By following the literal language of R.C.3109.04(A) and 3113.215(E) this Court honors well-settled binding precedent as to statutory construction. This Court cannot expand an otherwise narrowly drawn statute. Since Bryan is not the minor child of a marriage between Goeller and Lorence, and since Goeller and Lorence cannot be the father and mother of Bryan, then Bryan cannot be the subject of a shared parenting order between Goeller and Lorence. R.C. 3109.04(A), (G) and 3113.215(E). As the shared parenting order is void, Ben Goeller is restored as the sole custodial parent of Bryan.
The shared parenting order of the Lorain County Court of Common Pleas, Juvenile Division, is reversed and the cause is remanded for further proceedings not inconsistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
DONNA J. CARR, FOR THE COURT BATCHELDER, P. J., CONCURS. BAIRD, J. DISSENTS WITH NO OPINION