**WATLEY**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.**

2003-Ohio-969.]

Court of Claims of Ohio.

No. 2002–02876.

Decided Feb. 28, 2003.

Rayshan Watley, pro se.

Jim Petro, Attorney General, and Tracy M. Greuel, Assistant Attorney General, for defendant.

---

J. WARREN BETTIS, Judge.

{¶ 1} On January 31, 2003, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On February 25, 2003, plaintiff filed a memorandum contra. The case is now before the court for a non-oral hearing on defendant's motion for summary judgment. Civ.R. 56(C) and L.C.C.R. 4.

{¶ 2} Civ.R. 56(C) states:

{¶ 3} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *" See, also, *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 4} Plaintiff alleges that he has been harmed by the decision of defendant's staff psychiatrist to remove him from the mental health caseload and to discontinue his treatment as of December 2000. In the motion for summary judgment, defendant argues that plaintiff failed to timely file his complaint for psychiatric malpractice. The court agrees.

{¶ 5} An action upon a medical claim shall be commenced within one year after the cause of action accrued. R.C. 2305.11(B)(1). A "medical claim" is defined in R.C. 2305.11(D)(3) as follows:

{¶ 6} " 'Medical Claim' means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist, or hospital, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any

person. 'Medical claim' includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person. * * * "

{¶ 7} "[U]nder 2305.11(A) a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury." *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111, 117, 5 OBR 247, 449 N.E.2d 438.

{¶ 8} Although plaintiff argues that R.C. 2305.11 does not apply to claims for relief predicated upon psychiatric malpractice, the case law clearly provides that such claims must be brought within one year of the date the cause accrues. See *McMinn v. D.V. Ramani, M.D. & Assoc., Inc.* (1984), 20 Ohio App.3d 167, 20 OBR 202, 485 N.E.2d 258; *Allinder v. Mt. Carmel Health* (Feb. 17, 1994), Franklin App. No. 93AP–156, 1994 WL 49792.

{¶ 9} In this case, there is no dispute that plaintiff knew or should have known of the alleged malpractice in December 2000 because the decision to remove him from the mental health caseload was made over his objection. Applying the one-year limitation period of R.C. 2305.11, plaintiff had until December 31, 2001, at the latest, to file his complaint against defendant. Plaintiff's complaint in this case was not filed until March 6, 2002, more than two months after the time for filing his claim had expired. Thus, plaintiff's complaint was untimely filed as a matter of law.

{¶ 10} In short, upon review of defendant's motion for summary judgment and the memoranda filed by the parties, and construing the facts in a light most favorable to plaintiff, the court finds that no genuine issues of material fact exist and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Judgment accordingly.