234

COOK ET AL., APPELLANTS, *v.* MATVEJS, APPELLEE.

(No. 78-267—Decided December 6, 1978.)

*Mr. Richard L. Emmett,* for appellants.
*Mr. James Olds, Jr.,* for appellee.

CELEBREZZE, J. Appellants have raised two propositions of law. The essence of appellants' argument is that the amendment to R. C. 3109.01, effective on January 1, 1974, reducing the age of majority from 21 to 18 years, does not operate to reduce the time in which a minor may commence an action to recover damages for injuries received prior to January 1, 1974. In other words, since the accident took place prior to the amendment, appellant was entitled to file suit within two years after achieving majority status under the prior statute or his twenty-first birthday.

Appellants assert that this conclusion is supported by various provisions of R. C. 1.58 and the decisions of this court in *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1; and *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48. The appellee has responded by distinguishing the facts in the aforementioned cases and arguing that there is no vested right in the continuation of a disability.

A resolution of this controversy requires on examination of various sections of the Revised Code which were in operation both before and after the time of the accident on May 26, 1972. Then, as now, R. C. 2305.10 set forth the time in which appellant was required to file suit for any personal injuries he may have sustained. That section provides:

"An action for bodily injury or injuring personal property shall be *brought within two years after the cause thereof arose.*" (Emphasis added.)

Since the appellant was 17 on the date of the accident, R. C. 2305.10 must be further qualified by R. C. 2305.16 which states, in pertinent part:

"Unless otherwise specially provided in sections 2305.-04 to 2305.14, inclusive, * * * if a person entitled to bring

any action mentioned in such sections, \* \* \* *is, at the time the cause of action accrues, within the age of minority,* \* \* \* such person may bring it within the respective times limited by such sections, *after such disability is removed."* (Emphasis added.)

Effective January 1, 1974, the "majority" statute, R. C. 3109.01, was amended to read: "All persons of the age of *eighteen* years or more, who are under no legal disability, are capable of contracting and *are of full age for all purposes."* (Emphasis added.)

At the time of the amendment two other statutes were in effect which limited its application under certain circumstances. R. C. 1.48 provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." Futhermore, R. C. 1.58 also prohibits the retroactive operation of a statute and reads, in pertinent part:

"(A) The \* \* \* amendment \* \* \* of a statute does not \* \* \*:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any \* \* \*, right, \* \* \* *previously acquired, accrued,* accorded, or incurred thereunder;
"\* \* \*

"(4) Affect any \* \* \* proceeding, or *remedy* \* \* \*, and the \* \* \* proceeding, or *remedy may be instituted, continued, or enforced* \* \* \* *as if the statute had not been* \* \* \* *amended."*

In light of the foregoing, the appellants argue that the lower courts have retroactively applied the amendment to R. C. 3109.01 to the instant accrued cause of action which, based on their interpretation, also encompasses the prior statutory age of majority. We disagree.

In *Gregory* v. *Flowers, supra* (32 Ohio St. 2d 48), this court was also dealing with a situation where an amended statute of limitations was in conflict with an individual's substantive right. The court held that an amendment to R. C. 4123.84 could not be applied retroactively so that its operation "destroyed" an existing substantive right of a

claimant under the Workers' Compensation statutes to seek and be awarded compensation for a back injury. However, in the first paragraph of the syllabus, the court restated the general principle that statutes of limitation are "remedial in nature and may be generally classified as *procedural* legislation." (Emphasis added.)

Conceding the somewhat muddled distinction between procedural and substantive rights, this court nevertheless delineated between the operation of an amended statute of limitations which *totally* obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized. The latter application of an amended statute is not unlawful as long as a prospective claimant or litigant, as in the cause at bar, is still afforded " 'a reasonable time in which to enforce' his right." *Flowers, supra,* at page 54. In addition, Justice Leach, in a concurring opinion, set forth further guidelines concerning this concept of "reasonableness" by indicating, at page 60, that he would hold "that amendatory legislation of this nature, relating to procedure, must accord a reasonable time *after the effective date* of the amendment, for the assertion of existing substantive or vested rights." (Emphasis *sic.*)

The foregoing distinction is applicable to the cause presently before this court. The appellant's substantive right to an accrued cause of action was not totally "destroyed" by the amendment to R. C. 3109.01. The appellant still had two years in which to file suit as mandated by R. C. 23-05.10. The only change that was initiated was that the two-year period commenced with the effective date of the amendment to R. C. 3109.01, rather than appellant's twenty-first birthday.

Setting the statute of limitations in motion on January 1, 1974, since the appellant had already turned 18 at the time, insured him a "reasonable time" in which to file suit after the removal of his disability. *Gregory* v. *Flowers, supra; Dickerson* v. *Ferrell* (1976), 53 Ohio App. 2d 160; *Ledwell* v. *May Company* (1977), 54 Ohio Misc. 43. Since appellants' complaint was not filed within this time period,

the statute was tolled on January 1, 1976, and the Court of Appeals was correct in so holding.

Appellants' reliance on *Nokes* v. *Nokes, supra* (47 Ohio St. 2d 1), is misplaced. In *Nokes*, this court was dealing with the effect of the amendment to R. C. 3109.01 on a judicial decree providing for the support of minor children issued pursuant to the earlier version of the statute. This court held that pursuant to R. C. 1.58 (A) (2) the "obligation" to provide child support, previously incurred, could not be changed solely by reason of the amendment.

In contrast, the present appeal is not concerned with the validity of a prior judicial decree or a cause of action that has already been reduced to judgment. In addition, to now hold that the age of majority becomes inseparably intertwined with appellant's cause of action is the equivalent of holding that majority or minority is a fixed or vested right rather than a status. As indicated by this writer's dissent in *Nokes, supra,* I find that to be an untenable position.

In conformity with the foregoing, it is the holding of this court that the amendment to R. C. 3109.01, lowering the age of majority to 18, applies prospectively from its effective date of January 1, 1974, so that the applicable statute of limitations for personal injuries to a minor commences to run either upon that date or the date on which the plaintiff-minor reaches the new age of majority, whichever is later. See 75 A. L. R. 3d 228, 289, Section 16.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

LEACH, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.