SCHWAN, APPELLEE, *v.* RIVERSIDE METHODIST HOSPITAL, APPELLANT.

[Cite as Schwan *v.* Riverside Methodist Hospital (1983), 6 Ohio St. 3d 300.]

(No. 82-234—Decided August 24, 1983.)

*Messrs. Wolske & Blue* and *Mr. Walter J. Wolske, Jr.,* for appellee.

*Messrs. Bricker & Eckler, Mr. Gerald L. Draper, Mr. Michael J. Renner* and *Mr. David K. Conrad,* for appellant.

*Messrs. Porter, Wright, Morris & Arthur, Mr. Thomas M. Herbert* and

*Mr. James E. Pohlman,* urging reversal for *amicus curiae,* Ohio State Medical Assn.

LOCHER, J. R.C. 2305.11(A) establishes a one-year statute of limitations in actions for malpractice against hospitals. Under that provision, however, a party may use written notice to extend the period for filing an action up to an additional one hundred eighty days.

R.C. 2305.11(B) provides: "In no event shall any medical claim against a physician, podiatrist, or a hospital or a dental claim against a dentist be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician, podiatrist, hospital, or dentist apply to all persons regardless of legal disability and *notwithstanding* section 2305.16 of the Revised Code, *provided* that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital." (Emphasis added.) We may only understand the import of R.C. 2305.11(B) by examining R.C. 2305.16 which provides, in part: "Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, * * * of the Revised Code, if a person entitled to bring any action mentioned in such sections, * * * is, at the time the cause of action accrues, *within the age of minority,* * * * such person may bring it within the respective times limited by such sections, after such disability is removed. * * *" (Emphasis added.)

In *Vance* v. *St. Vincent Hospital* (1980), 64 Ohio St. 2d 36 [18 O.O.3d 216], we held: "A minor of 10 years of age or older must file a medical malpractice action within the time limitations set forth in R.C. 2305.11(A) and (B), notwithstanding R.C. 2305.16." Appellant argues that the operation of those provisions under our interpretation in *Vance* is constitutional. This question was not before us in *Vance,* however. See 64 Ohio St. 2d, at 41-42.

We reaffirm our traditional position that acts of the General Assembly have the benefit of a presumption of constitutionality. See, *e.g., Beatty* v. *Akron City Hospital* (1981), 67 Ohio St. 2d 483, 493 [21 O.O.3d 302]. Nevertheless, we hold that R.C. 2305.11(B) is unconstitutional because it violates the right of medical malpractice litigants who are minors to "equal protection." Section 2, Article I of the Ohio Constitution.

Appellant properly asserts that equal protection analysis requires that we review R.C. 2305.11(B) according to the "rational basis" test, because this case does not involve either a fundamental right or a suspect class. See, *e.g., Beatty, supra,* at 491 *et seq.; Bd. of Edn.* v. *Walter* (1979), 58 Ohio St. 2d 368, 373 [12 O.O.3d 327] *et seq.* "* * * Consequently, the statute must be upheld if there exists any conceivable set of facts under which the classification rationally furthered a legitimate legislative objective." (Citation deleted.) *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 119 [11 O.O.3d 290].

This court has previously noted the purpose of the legislation which enacted R.C. 2305.11(B). "The final portion of Am. Sub. H. B. No. 682 ([1]36

Ohio Laws 2843-44) declares the Act to be an emergency measure, stating: '[N]ecessary for the immediate preservation of the public peace, health and safety. The reason for such necessity lies in the fact that immediate action is necessary to insure a continuance of health care delivery to the citizens of Ohio.' " *Denicola, supra,* at 120. See, also, *Beatty, supra,* at 493 *et seq.* The classification created by R.C. 2305.11(B), however, fails to *rationally* further the stated objective of Am. Sub. H. B. No. 682. This makes R.C. 2305.11(B) constitutionally unacceptable with respect to medical malpractice litigants who are minors.

"Legislation must apply alike to all persons within a class, and reasonable grounds must exist for making a distinction between those within and those without a designated class. * * *" *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143 [30 O.O.2d 491], paragraph two of the syllabus. This attention to the propriety of the classification remains an important aspect of equal protection analysis. "* * * Equal protection of the laws requires the existence of reasonable grounds for making a distinction between those within and those outside a designated class. *State* v. *Buckley* (1968), 16 Ohio St. 2d 128 [45 O.O.2d 469], paragraph three of the syllabus; *Porter* v. *Oberlin, supra,* paragraph two of the syllabus. The 'reasonableness' of a statutory classification is dependent upon the purpose of the Act. *Carrington* v. *Rash* (1965), 380 U.S. 89, 93; *McLaughlin* v. *Florida* (1964), 379 U.S. 184, 191." *State, ex rel. Nyitray,* v. *Indus. Comm.* (1983), 2 Ohio St. 3d 173, 175.

Our review of the language of R.C. 2305.11(B) leads us to conclude that the statute creates a distinction—without reasonable grounds—between medical malpractice litigants who are younger than ten years of age and those who are older than ten but still minors. For example, under R.C. 2305.11(B) a child whose cause of action accrues on the day *before* his tenth birthday may file an action any time until his fourteenth birthday. Yet, if the same cause of action accrued on the day *after* the child's tenth birthday, the one year (plus notice) provision of R.C. 2305.11(A) apparently controls.

We recognize that the General Assembly often must draw lines in legislation. Yet, it is the age of majority which establishes the only *rational* distinction.

Young people eagerly anticipate their legal "adulthood." At the age of majority, our society puts them on notice that they are assuming an array of rights and responsibilities which they never had before. Age ten, however, arrives with little fanfare. It is difficult to imagine that parents or guardians—much less the children themselves—would recognize that any change in status occurs on a child's tenth birthday.

We acknowledge, however, the importance of the purpose of Am. Sub. H. B. No. 682 to alleviate the "medical malpractice crisis" of the mid-1970's. Section 5 of that Act requires that the Superintendent of Insurance report annually to the General Assembly the effectiveness of amendments to each of several sections of the Revised Code on reducing medical malpractice insurance premiums. R.C. 2305.11(B), however, was not of sufficient conse-

quence to be included among those provisions for annual review. Therefore, in light of our conclusion that R.C. 2305.11(B) creates an irrational classification which does not *rationally* further the purpose of Am. Sub. H. B. No. 682, we hold that R.C. 2305.11(B) is unconstitutional on its face with respect to medical malpractice litigants who are minors.

This holding, of course, necessitates that we overrule the syllabus of *Vance* v. *St. Vincent Hospital, supra.*

We also distinguish the recent cases of *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533 [23 O.O.3d 458], and *Meros* v. *University Hospitals* (1982), 70 Ohio St. 2d 143 [24 O.O.3d 244]. In *Baird,* after noting our holding in *Vance, supra,* we upheld the application of R.C. 2305.11(B) as not being violative of the prohibition against retroactive legislation in Section 28, Article II of the Ohio Constitution. In *Meros, supra,* this court considered *Baird* in conjunction with the "termination" rule of *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164 [54 O.O.2d 283], overruled in *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, to uphold the application of R.C. 2305.11 as a bar to recovery. Neither *Baird* nor *Meros,* however, presented the equal protection question which we have answered today.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., PATTON, SWEENEY, C. BROWN and KOEHLER, JJ., concur.

PATTON, C. BROWN and KOEHLER, JJ., concur separately.

HOLMES, J., dissents.

PATTON, J., of the Eighth Appellate District, sitting for W. BROWN, J.

KOEHLER, J., of the Twelfth Appellate District, sitting by assignment.

CLIFFORD F. BROWN, J., concurring. The majority opinion attempts to distinguish *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533 [23 O.O.3d 458], and *Meros* v. *University Hospitals* (1982), 70 Ohio St. 2d 143 [24 O.O.3d 244], finding that neither case involved an equal protection challenge. However, these two cases applied R.C. 2305.11(B) which is declared unconstitutional by today's opinion with respect to litigants who are minors. The application of the section in these cases directly conflicts with the holding of the present case. In light of this direct conflict and to avoid future confusion of the Bench and Bar, *Baird* and *Meros* should be overruled.

R.C. 2305.11(B) should be declared unconstitutional for the additional reason that it denies the minor plaintiff due process of law under both the state and federal Constitutions. This conclusion is well-articulated by the

Texas Supreme Court in *Sax* v. *Votteler* (1983), 648 S.W. 2d 661, which invalidated a similar provision pertaining to minors in the Texas Insurance Code.

In *Sax, supra,* at page 664, the court predicated unconstitutionality upon two separate due process provisions of the Texas Constitution. First, Section 13, Article I, in pertinent part provides:

"All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

Second, Section 19, Article I, provides:

"No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land."

Likewise, the Ohio Constitution contains similar due process provisions, Sections 1[1] and 16[2] of Article I, which require this court, too, to hold that R.C. 2305.11(B) is violative of due process.

In reaching its determination that due process was denied in *Sax,* the court at page 665 set forth an apt excerpt pertaining to due process from *Lebohm* v. *Galveston* (1955), 154 Tex. 192, 275 S.W. 2d 951, as follows: "Legislative action withdrawing common-law remedies for well established common-law causes of action for injuries to one's 'lands, goods, person or reputation' is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare. Legislative action of this type is not sustained when it is arbitrary or unreasonable."

In reasoning that the restriction on a child's right to sue on a medical malpractice claim was arbitrary and unreasonable, and therefore a denial of due process, the *Sax* court reasoned that a child has no right to sue on her own unless the disability of minority has been removed. If the parents, guardian, or next friend of the child negligently fails to take action in the child's behalf within the time provided by the statute, the child is precluded from asserting the cause of action. Furthermore, the child is precluded from suing her parents on account of their negligence because of the doctrine of parental immunity. To argue that parents will adequately protect the rights of children is neither reasonable nor realistic, since the parents themselves may be minors, ignorant, lethargic, or lack concern to bring a malpractice action within the time provided by statute. *Id.* at 666-667.

PATTON and KOEHLER, JJ., concur in the foregoing concurring opinion.

---

[1] Section 1, Article I, right to freedom and protection of property, provides:

"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."

[2] Section 16, Article I, redress in courts, provides in part:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."