OPALKO, ADMR., ET AL., APPELLANTS, *v.* MARYMOUNT
HOSPITAL, INC. ET AL., APPELLEES.

[Cite as Opalko *v.* Marymount Hospital, Inc. (1984), 9 Ohio St. 3d 63.]

(No. 82-1680—Decided January 25, 1984.)

*Weisman, Goldberg, & Weisman Co., L.P.A.,* and *Mr. Paul M. Kaufman,* for appellants.

*Messrs. Squire, Sanders & Dempsey* and *Ms. Roberta K. Spurgeon,* for appellees Estate of Donald A. Snyder, M.D., deceased, Donald A. Snyder, M.D., Inc., and Joseph Ritrovato, M.D.

*Messrs. Kitchen, Messner & Deery, Mr. Charles W. Kitchen* and *Mr. Steven W. Albert,* for appellee V. F. Mersol, M.D.

*Messrs. McNeal, Schick, Archibald & Biro* and *Mr. Harley J. McNeal,* for appellees N. G. DePiero, M.D., and N. G. DePiero & Associates, Inc.

*Messrs. Gallagher, Sharp, Fulton & Norman, Mr. Michael R. Gallagher* and *Ms. Beverly A. Harris,* for appellee Marymount Hospital, Inc.

*Mr. Gary H. Goldwasser,* for appellees Frank Dzurik, M.D., and Edward W. Shannon, M.D.

*Per Curiam.* The issue raised before this court concerns whether R.C.

2305.11(B) violates the Equal Protection Clauses of the United States and Ohio Constitutions.

Our recent opinion in *Schwan* v. *Riverside Methodist Hospital* (1983), 6 Ohio St. 3d 300, examined this precise issue and explored the language contained in R.C. 2305.11(B). The *Schwan* opinion stated that a portion of this statutory section created an irrational classification in contravention of the Equal Protection Clause found in Section 2, Article I of the Ohio Constitution.

R.C. 2305.11(B) provides:

"In no event shall any medical claim against a physician, podiatrist, or a hospital or a dental claim against a dentist be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician, podiatrist, hospital, or dentist apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code, *provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital.*" (Emphasis added.)

In reaching its decision, this court in *Schwan* reasoned that the above-emphasized language was unconstitutional, because R.C. 2305.11(B) "creates a distinction — without reasonable grounds — between medical malpractice litigants who are younger than ten years of age and those who are older than ten but still minors." *Id.* at 302.

The syllabus in *Schwan* states that: "R.C. 2305.11(B) is unconstitutional with respect to malpractice litigants who are minors. * * *"

The plain import of the *Schwan* opinion indicates that the syllabus invalidates only that portion of the statute which addresses the time limitations affecting minor malpractice litigants above and below the age of ten. However, the *Schwan* opinion did not invalidate the initial portions of R.C. 2305.11(B).

In *Schwan, supra,* we found that the cases of *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533 [23 O.O.3d 458], and *Meros* v. *University Hospitals* (1982), 70 Ohio St. 2d 143 [24 O.O.3d 244], remain valid in their analysis of the statute in question, except insofar as the statute violated the equal protection rights of minors. Thus, although the reasoning of the learned court of appeals below was incorrect in light of *Schwan,* summary judgment in favor of defendants was nevertheless proper, given the four-year bar contained in the unaffected portion of R.C. 2305.11(B). The initial phrase of the second sentence of R.C. 2305.11(B) which states that "[t]he limitations in this section for filing such a malpractice action against a physician, podiatrist, hospital, or dentist apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code * * *," was not rendered unconstitutional because the savings statute, R.C. 2305.16,[1] addresses the tolling of the

---

[1] That statute reads in relevant part:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections

statute of limitations for litigants who possess "disabilities." The status of "minority" in this context is ·but one of several disabilities which R.C. 2305.16 encompasses. Therefore, the opinion in *Schwan, supra,* found a violation of equal protection in only that language of R.C. 2305.11(B) which dealt with minors exclusively.

As this court stated in *Baird, supra,* at 535:

"In *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234, 237 [10 O.O.3d 384], we stated there is a distinction 'between the operation of an amended statute of limitations which *totally* obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized.' (Emphasis *sic.*) The latter application of an amended statute is not unlawful as long as a prospective claimant is still afforded a reasonable time in which to enforce his right."

Given the four-year absolute bar contained in R.C. 2305.11(B), we find that under the facts of the case *sub judice* that plaintiff did not commence this action until nearly five and one-half years had elapsed from the date on which the case of action accrued. As such, we find that the statute of limitations set forth in R.C. 2305.11(B) did afford plaintiff a reasonable time in which to enforce his right. See *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48 at page 60 [61 O.O.2d 295] (Leach, J., concurring); *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234 [10 O.O.3d 384]; and *Baird, supra.*

Based on the foregoing, we reverse the judgment of the court of appeals with respect to the equal protection claim, but nevertheless affirm the issuance of summary judgment in favor of defendants since plaintiff's action was time-barred under the unaffected language of R.C. 2305.11(B).

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

C. BROWN and J. P. CELEBREZZE, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. I dissent because R.C. 2305.11(B) in its entirety violates both the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions.

Our recent opinion in *Schwan* v. *Riverside Methodist Hospital* (1983), 6 Ohio St. 3d 300, examined the equal protection issue and explored the language contained in R.C. 2305.11(B). The syllabus in *Schwan* stated that: "R.C. 2305.11(B) is unconstitutional with respect to malpractice litigants who are minors. * * *" To me that syllabus meant paragraph (B) was un-

---

1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. * * *"

constitutional in its entirety. There is no reason to retreat from that position today.

In reaching its decision, this court in *Schwan* reasoned that the proviso clause in R.C. 2305.11(B), underscored in the *per curiam* opinion, as follows: "Provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital" was unconstitutional because R.C. 2305.11(B) "creates a distinction — without reasonable grounds — between medical malpractice litigants who are younger than ten years of age and those who are older than ten but still minors." *Id.* at 302.

The question which was not directly answered in *Schwan*, however, was whether the four-year absolute bar contained in the first sentence of R.C. 2305.11(B) is likewise unconstitutional as applied to minors. For the reasons which follow, such bar is unconstitutional with respect to medical malpractice litigants who are minors. For that same reason *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533 [23 O.O.3d 458]; *Meros* v. *University Hospitals* (1982), 70 Ohio St. 2d 143 [24 O.O.3d 244], which interpreted and applied paragraph (B) of R.C. 2305.11 to minors, where the constitutional issue was not raised, should be overruled. A rule of interpretation of the entire section, paragraph (B), in *Baird* and *Meros* would no longer be viable once our court declares the entire section invalid.

"Equal protection of the law requires the existence of reasonable grounds for making a distinction between those within and those outside a designated class." *State* v. *Buckley* (1968), 16 Ohio St. 2d 128 [45 O.O.2d 469], paragraph three of the syllabus; *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143 [30 O.O.2d 491], paragraph two of the syllabus.

In *Schwan*, Justice Locher, writing for the majority, specifically stated that "* * * the age of minority * * * establishes the only *rational* distinction [in evaluating the constitutionality of R.C. 2305.11(B) ]." (Emphasis *sic*.) Applying this standard to the facts before us, it becomes increasingly clear that R.C. 2305.11(B) attempts to draw an unconstitutional distinction between minor medical malpractice claimants and all other tort claimants who are minors.

Generally, in all other negligence cases, an injured minor has the right to postpone suit until reaching the age of eighteen.[2] R.C. 2305.11(B), however, eliminates this right of minors who are medical malpractice claimants. Such a discretionary treatment is violative of the Equal Protection Clauses of both the Ohio and United States Constitutions.

Additionally R.C. 2305.11(B) denies the minor plaintiff due process of

---

[2] R.C. 2305.16 reads in relevant part:

"Unless otherwise specifically provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. * * *"

law under both the United States and Ohio Constitutions. As well-articulated by the Texas Supreme Court in *Sax* v. *Votteler* (1983), 648 S.W. 2d 661, a similar provision pertaining to minors in the Texas Insurance Code was invalidated by predicating unconstitutionality upon two separate due process provisions of the Texas Constitution. First, Section 13, Article I, in pertinent part provides:

"All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

Second, Section 19, Article I, provides:

"No citizen of this state shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land."

Likewise the Ohio Constitution contains similar due process provisions, Sections 1[3] and 16[4] of Article I, which require this court, too, to hold that R.C. 2305.11(B) is violative of due process.

In reaching its determination that due process was denied in *Sax,* the court at page 665 set forth an apt excerpt pertaining to due process from *Lebohm* v. *Galveston* (1955), 154 Tex. 192, 275 S.W. 2d 951, as follows:

"Legislative action withdrawing common-law remedies for [a] well established common-law cause of action for injuries to one's lands, goods, person or reputation is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare. Legislative action of this type is not sustained when it is arbitrary or unreasonable."

As a minor, a child is barred from pursuing a malpractice action unless his parents elect to do so on his behalf. Because he has no standing he is unable to assert his own rights at that time. Upholding the validity of R.C. 2305.11(B) with regard to the four-year time bar operates so as to preclude entirely a child from bringing a malpractice action even after he reached the age of majority. The child would have no standing to sue before he is eighteen years old and no right to sue thereafter. *Baird* v. *Loeffler, supra,* at 537 (dissenting opinion). If the parents, guardian, or next friend of the child negligently fail to take action on the child's behalf within the time provided by the statute, the child is precluded from asserting the cause of action. To argue that parents will adequately protect the rights of children is neither reasonable nor realistic, since the parents themselves may be minors, ig-

---

[3] Section 1, Article I, right to freedom and protection of property, provides:

"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."

[4] Section 16, Article I, redress in the courts, provides in part:

"All courts shall be open, and every person, for an injury done him in his land, goods, person or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. * * *"

norant, lethargic, or lack concern to bring a malpractice action within the time provided by statute. *Sax* v. *Votteler, supra,* at 666-667.

Therefore, the restriction on a child's right to sue on a medical malpractice claim four years after the acts or omission occurred constituting the alleged malpractice, as provided in R.C. 2305.11(B), is arbitrary and unreasonable, and therefore a denial of due process. For that reason entire paragraph (B) of R.C. 2305.11 should be declared unconstitutional.

The decision of this court is inconsistent with our decision in *Primes* v. *Tyler* (1975), 43 Ohio St. 2d 195 [72 O.O.2d 112] (opinion by Justice William B. Brown), which held that the Ohio Guest Statute, R.C. 4515.02, was violative of the Equal Protection Clause and the Due Process Clause of the Ohio Constitution, Sections 2 and 16, Article I, and of the Fourteenth Amendment to the United States Constitution, "by deny[ing] due process of law and equal protection of the laws to the people of this state." *Id.* at 204-205.

*Primes* was the ultimate in establishing justice. A guest under the Guest Statute was not completely barred from recovering damages from the host but could recover where he could establish "willful or wanton misconduct" of the host directly and proximately injuring him. The denial of due process of law to the guest is not as gross and severe as the denial of due process of law to an infant who sustains an injury from medical malpractice while he is under ten years of age and is completely barred from any access to the courts under R.C. 2305.11(B) no later than "four years after the act or omission constituting the alleged malpractice occurred." The infant is completely barred from access to the courts before he is legally competent to seek a remedy for the wrong he suffered. Such result is the ultimate of injustice.

The decision of this court today is also inconsistent with the rationale of our decisions adopting the discovery rule in medical malpractice and occupational disease claims. *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84; and *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111 (opinion by Justice William B. Brown). There, we held that the statute of limitations did not start to run until the claimant discovered, or in the exercise of reasonable care should have discovered, that he had a claim for legal relief. This discovery rule was adopted so that the claimants would be able to sue before the statute had barred their claims — the Opalko infant is barred before he is legally able and competent to sue.

I would reverse the court of appeals and remand the cause to the common pleas court for further proceedings according to law.

J. P. Celebrezze, J., concurs in the foregoing dissenting opinion.