**Sarah McCLURE, et al., Plaintiff,**

v.

**MIDDLETOWN HOSPITAL ASSOCIATION, et al., Defendants.**

No. C–1–83–1692.

United States District Court, S.D. Ohio, W.D.

March 20, 1985.

James D. Ruppert, Ronald L. Burdge, Franklin, Ohio, for plaintiff.

Leo J. Breslin, Cincinnati, Ohio, Thomas W. Baden, Hamilton, Ohio, Thomas E. Jenks, Dayton, Ohio, for defendants.

## OPINION AND ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the motions of all defendants for summary

judgment (docs. 14, 21 & 30), plaintiffs' memorandum in opposition (doc. 28), to which defendants have replied (docs. 32 & 33). We also have the benefit of oral arguments of counsel, as well as plaintiffs' filing of supplemental authority (doc. 38). As developed below, we conclude that defendants' motions for summary judgment should be denied.

Plaintiffs Kathy and Gary McClure, the parents of Sarah McClure, bring this action on behalf of themselves and their daughter Sarah. Plaintiff Sarah McClure's claim concerns the alleged medical malpractice of the defendants in the delivery of Sarah McClure. Kathy and Gary McClure seek damages for the loss of services of their daughter, medical expenses involved in her care, and for emotional distress. All acts of the defendants now alleged to have been negligent occurred prior to or during January and February of 1978. This action was brought on October 18, 1983, more than five years after the acts constituting the alleged malpractice occurred.

Defendants contend that plaintiffs' claims are barred by the applicable statutes of limitations. Specifically, defendants assert that Sarah McClure's medical malpractice claim is defeated by application of the four-year statute of limitations contained in Ohio Rev.Code § 2305.11(B). In addition, defendants contend that Kathy and Gary McClure's claims for loss of services, medical expenses and emotional distress are barred by the four-year catch-all statute of limitations embodied in Ohio Rev.Code § 2305.09(D), and that the discovery rule, applicable to medical malpractice claims pursuant to *Oliver v. Kaiser Community Health Foundation*, 5 Ohio St.3d 111, 449 N.E.2d 438 (1983), is not applicable to the parents' claims.

## I. *Medical Malpractice Claims of Sarah McClure*

Ohio's statute of limitations governing medical malpractice claims reads as follows:

(A) An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician, podiatrist, hospital, or dentist, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued.

If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given.

(B) In no event shall any medical claim against a physician, podiatrist, or a hospital or a dental claim against a dentist be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician, podiatrist, hospital, or dentist apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code, provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital.

Ohio Rev.Code § 2305.11(A) & (B) (Page's 1983 Supp.). At issue in this case is the proper construction of Ohio Rev.Code § 2305.11(B), not only as written, but also as it has evolved through judicial interpretation both before and after this action was filed.

As the statute is written, Sarah McClure, who was 0 years of age (or several days/weeks old at most) had until her fourteenth birthday to file suit. However, less

than two months before the McClures filed suit, the Ohio Supreme Court struck down as violative of the Ohio Constitution the distinction in Ohio Rev.Code § 2305.11(B) between minors younger than ten years of age and minors ten years of age or older. *Schwan v. Riverside Methodist Hospital*, 6 Ohio St.3d 300, 452 N.E.2d 1337 (1983). The precise holding of the Ohio Supreme Court was:

> R.C. § 2305.11(B) is unconstitutional with respect to malpractice litigants who are minors.[1]

As mentioned above, plaintiffs filed suit on October 18, 1983, less than two months after *Schwan* was decided. At this time it was an open question how the statute of limitations for medical malpractice litigation involving minors would be calculated as *Schwan* provided no clear direction on the issue. Thereafter, on January 25, 1984, the Ohio Supreme Court answered the question in *Opalko v. Marymount Hospital, Inc.*, 9 Ohio St.3d 63, 458 N.E.2d 847 (1984). There, the Court clarified the *Schwan* holding and stated that the initial portion of section 2305.11(B) remained in full force and effect notwithstanding the unconstitutionality of the portion drawing a distinction between minors under ten years of age and those aged ten years and older.[2] In light of *Opalko*, section 2305.11(B), as limited by the Ohio Supreme Court, reads as follows:

> In no event shall any medical claim against a physician, podiatrist, or a hospital or a dental claim against a dentist be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in

this section for filing such a malpractice action against a physician, podiatrist, hospital or dentist apply to all persons regardless of legal disability and notwithstanding section 2305.16 of the Revised Code.

See *Opalko*, 9 Ohio St.3d at 64, 458 N.E.2d at 849.

We do not believe that Sarah McClure's malpractice claim is barred by the absolute four-year limitation enunciated in *Opalko*. This conclusion is based upon the inappropriateness of retroactive application of the *Opalko* decision and upon an exception to the rule that unconstitutional statutes are entitled to no legal effect.

Defendants contend that even if *Opalko* is not applied retroactively, plaintiffs are still precluded from relying on § 2305.11(B) as written because the defective portion of that was void *ab initio*. We accept the proposition that unconstitutional statutes are generally void *ab initio*, and as such, may not be relied upon to justify acts performed under them. *See e.g., Primes v. Tyler*, 43 Ohio St.2d 195, 197, 331 N.E.2d 723, 725 (1975) (citing *Norton v. Shelby County*, 118 U.S. 425, 65 S.Ct. 1121, 30 L.Ed. 178 (1886)). However, section 2305.-11(B) should not be considered void *ab initio* for two reasons. First, the voidness *ab initio* doctrine does not apply to destroy contractual rights which have arisen or vested rights acquired under the prior state of the law. *Peerless Electric Co. v. Bowers*, 164 Ohio St. 209, 129 N.E.2d 467 (1955), *accord State, ex rel. Bosch v. Industrial Commission*, 1 Ohio St.3d 94, 438 N.E.2d 415 (1982). Sarah McClure's rights

---

1. Schwan was fourteen and one-half years of age when treated by defendant, and filed suit nearly two and one-half years after treatment, when he was nearly seventeen years of age. The practical effect of the Ohio Supreme Court's decision was to uphold the Court of Appeals' reversal of the trial court's grant of summary judgment, and to allow Schwan's suit to proceed. Ohio Rev.Code § 2305.11(B) became effective on July 28, 1975 and had been in effect for over four years at the time Schwan brought suit, and had been in effect for just under two years when Schwan was treated by the defendant. *See* 6 Ohio St.3d 300, 452 N.E.2d 1337 and Ohio Rev.Code § 2305.11(B).

2. Plaintiff in *Opalko* was nine years of age when treated by defendant in late summer and early fall of 1974, roughly one year before section 2305.11(B) took effect. Plaintiff filed his action after *Opalko* had reached age fourteen, some five and one-half years after the cause of action accrued and nearly five years after the enactment of the statute. Thus, Opalko was neither within the four years provided for in the statute as interpreted nor within the fourteenth birthday upper limit provided by the statute as written.

vested upon the existence of her right to sue, that is, upon her birth. At that time, section 2305.11(B) provided a fourteen-year limitation on Sarah McClure's exercise of that right. The subsequent declaration of unconstitutionality cannot divest Sarah McClure of that right.

The second reason that the *ab initio* doctrine is inapplicable in this case is the peculiar nature of statutes of limitations. Such statutes derive their force by the mere fact of their enactment. 51 Am. Jur.2d *Limitations of Actions* § 13 at 599. They do not confer or extinguish substantive rights, but extinguish the remedy for violation of independent substantive rights. *Id.* 322 at 606 (citing *Kerper v. Wood*, 48 Ohio St. 613, 29 N.E. 501 (1891)). A primary purpose of statutes of limitations must be to reduce to a fixed interval the time between the accrual of a right of action and the commencement of the action, and to put all on notice as to that interval. 51 Am.Jur.2d *Limitation of Actions*, § 13 at 599. The interval chosen is arbitrary and rests alone on a state's judgment as to what will promote the interests of its citizens. *Id.* § 17 at 603 (citing *Tioga R. Co. v. Blossberg & C.R. Co.*, 20 Wall (87 U.S.) 131, 22 L.Ed. 331 (1874)). Finally, statutes of limitations are designed to protect persons from the burden of having to defend against stale claims.

These objectives demonstrate why section 2305.11(B) should not be considered void *ab initio* on the facts of the instant case. Plaintiffs are not relying on unconstitutional statutes for the creation of rights which would not have existed but for the enactment of the unconstitutional statute. Rather, plaintiffs merely rely upon the arbitrary fixed interval for the assertion of previously existing rights as that fixed interval was written. The arbitrary fixed interval of fourteen years was initially set by the Ohio General Assembly. That interval was thought to adequately protect the interests of Ohio citizens. Sarah McClure's action was brought well within that interval, so that defendants cannot claim surprise at being called upon to defend against her claim. Ultimately, section 2305.11(B) has failed miserably its purpose of establishing a fixed interval within which minor medical malpractice litigant's claims must be brought. Given the arbitrary nature of statutes of limitations and the fact that plaintiffs do not assert rights created by an unconstitutional statute, we are reluctant to allow that failure to work an injustice on the plaintiff.

Since, on the acts presented here, section 2305.11(B) should not be considered void *ab initio*, plaintiff's action is entitled to proceed unless the *Opalko* decision is applied retroactively. Retroactive application of *Opalko* is rejected under the reasoning of *Cook v. Matvejs*, 56 Ohio St.2d 234, 383 N.E.2d 601 (1978) and *Gregory v. Flowers*, 32 Ohio St.2d 48, 290 N.E.2d 181 (1972). The rule of these cases is that amendment of a statute of limitations conforms with the Ohio Constitution where it merely shortens the applicable period and still affords a litigant a reasonable opportunity in which to enforce his rights. *See Cook*, 56 Ohio St.2d 234, 237, 383 N.E.2d 601 (cited in *Opalko*, 9 Ohio St.3d at 65, 458 N.E.2d 847). Conversely, retroactive application of an amended statute of limitations violates the Ohio Constitution if it totally obliterates an existing substantive right. Clearly, application of *Opalko* (or of *Schwan* should it be read independently to mean what it is viewed to mean in light of *Opalko*) would obliterate Sarah McClure's existing substantive right. By fair analogy from the legislative act of amendment to the judicial act of interpretation, we hold that the Ohio Constitution prohibits the application of the four year period to bar actions brought before *Opalko*, provided such actions were brought within the time period provided for in the statute as written. Hence, defendants' motion for summary judgment on this issue must be denied. This result is in accord with two Ohio Courts of Common Pleas who have decided the issue. *Beaver-Isenbarger v. Burt*, 81 CV-10-5854 (C.P. Franklin Cty. April 1984); *Taylor v. Steinhilber*, 83-631 (C.P., Montgomery Cty., May 31, 1984).

II. *Claims of Kathy and Gary McClure*

■ We view the issues surrounding the claims of Kathy and Gary McClure

much less troubling than those discussed above. Defendants contend that these claims for loss of services and medical expenses are barred by Ohio's four-year catch-all statute of limitations, Ohio Rev. Code § 2305.09(D). Plaintiffs take no issue with this, but contend that the discovery rule, rendered applicable to medical malpractice actions in *Oliver v. Kaiser Community Health Foundation,* 5 Ohio St.3d 111, 449 N.E.2d 438 (1983), applies to all consequential damages claims attendant to a medical malpractice claim. The statute of limitations applicable to the McClures' emotional distress claim is also at issue; however, the four-year statute in section 2305.09(D) applies under the reasoning of *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 453 N.E.2d 666 (1983). Thus, the sole issue before us is whether the discovery rule applies to the consequential damages claims. We conclude that it does.

Defendants' reliance on *Neilsen v. Barberton Citizens Hospital,* 4 Ohio App.3d 18, 446 N.E.2d 209 (1982) and *Amer v. Akron City Hospital,* 47 Ohio St.2d 85, 351 N.E.2d 479 (1976) is misplaced in light of the Ohio Supreme Court's holding in *Oliver,* 5 Ohio St.3d 111, 449 N.E.2d 438 (1983). As we read *Oliver,* the Court's opinion was premised in large part on distaste for the absurdity of a statute of limitations which expires before a reasonably diligent person is aware of a violation the underlying right. We are convinced that the Ohio Supreme Court would find that absurdity no less distasteful here, in the context of consequential damages claims attendant to a medical malpractice claim. Indeed, in *Oliver,* the Court noted the adoption of the discovery rule in other areas of law. 5 Ohio St.3d at 117, 449 N.E.2d 438 (citing *Kunz v. Buckeye Union Ins. Co.,* 1 Ohio St.3d 79, 437 N.E.2d 1194 (1982); *Velotta v. Leo,* 69 Ohio St.2d 376, 433 N.E.2d 147 (1982)). Therefore, we conclude that the Ohio Supreme Court would apply the discovery rule to consequential damages claims brought attendant to a medical malpractice claim.

Factual issues prevent the application of the discovery rule to this case on the record as it now stands. Therefore, defendants' motion for summary judgment must be denied on this point as well.

Accordingly, defendants' motion for summary judgment is, at this time, in all respects denied.

SO ORDERED.