**James M. SCARDINA, Sr., Margaret Scardina, etc., Plaintiffs,**

**v.**

**Benjamin G. WOOD, M.D., Cleveland Clinic Hospital, Defendants.**

**No. C84–3078.**

United States District Court,
N.D. Ohio, E.D.

Dec. 19, 1986.

James R. Goldberg, Goldberg, Weisman & Goldberg, Chesterland, Ohio, W. David Allen, Allen T. Eaton & Associates, Washington, D.C., George A. Kokus, Miami, Fla., for plaintiffs.

Gary H. Goldwasser, Reminger & Reminger, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

KRENZLER, District Judge.

On October 26, 1978, James M. Scardina, Jr. suffered irreversible brain damage when his carotid artery was severed during an operation performed at the Cleveland Clinic Hospital. Plaintiffs, James M. Scar-

dina, Sr. and Margaret Scardina, the parents of James Jr., filed the present action for alleged medical negligence and failure to obtain consent on September 26, 1984. The defendants filed an answer in the form of a general denial, together with an affirmative defense that the plaintiffs failed to timely commence their action in accordance with the applicable statute of limitations. The present case is brought under Ohio law and is in this court based on diversity.

The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties have filed briefs in support of their respective positions. For the reasons provided below, the Court grants defendants' motion to dismiss.

In their motion to dismiss, the defendants contend that the complaint is barred on its face by the statute of limitations for medical malpractice actions in Ohio, Ohio Rev. Code Ann. § 2305.11, which provides in pertinent part:

> (A) An action for ... malpractice, including an action for malpractice against a physician ... or a hospital, ... shall be brought within one year after the cause thereof accrued....
>
> (B) In no event shall any medical claim against a physician ... or a hospital, ... be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section shall apply to all persons regardless of legal disability and notwithstanding § 2305.16 of the Revised Code....

The defendants rely on *Opalko v. Marymount Hospital, Inc.,* 9 Ohio St.3d 63, 458 N.E.2d 847 (1984), and *Schwan v. Riverside Methodist Hospital,* 6 Ohio St.3d 300, 452 N.E.2d 1337 (1983), in support of their position.

The defendants note that when Ohio Rev. Code Ann. § 2305.11 became effective on July 28, 1975, Subsection (B) (quoted above) contained a proviso that "a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or a hospital." In *Schwan v. Riverside Methodist Hospital, supra,* the Supreme Court of Ohio considered this provision and held that differential treatment of medical malpractice litigants under the age of ten and those older than ten, but not yet eighteen, violates the constitutional right of minor medical malpractice litigants to equal protection. The *Schwan* Court, however, did not elaborate on the effect of its holding on the four-year absolute statute of limitations for malpractice actions under § 2305.11(B).

The Supreme Court of Ohio completed its analysis of § 2305.11(B) in *Opalko v. Marymount Hospital, Inc., supra.* In *Opalko,* the Court held that the four-year statute of limitations for filing a medical malpractice claim under § 2305.11(B) applies to all persons regardless of age, notwithstanding Ohio Rev.Code Ann. § 2305.16 (providing for the tolling of statute of limitations for minors). The *Opalko* Court determined that § 2305.11(B), with the proviso concerning minors under the age of ten deleted, did not violate the equal protection clause of the United States and Ohio Constitutions.

In their motion to dismiss, defendants note that plaintiffs argue that the alleged malpractice occurred during the surgery on October 26, 1978. Defendants contend that since the action was not filed until September 26, 1984—approximately six years after the operation—plaintiffs' suit is barred as a matter of law, pursuant to § 2305.11(B).

The plaintiffs, in opposition to the defendants' motion to dismiss, have two arguments. First, they assert that the instant action was timely filed under § 2305.11(B) because James was five years old at the time of the operation and was eleven years old at the time the action was filed. The plaintiffs contend that since the cause of action accrued prior to the Ohio Supreme Court's decisions in both *Schwan* and *Opalko,* the plaintiffs had a vested right to maintain the present cause of action according to the plain words of the proviso specifically granted by the Ohio legislative

body for minors injured under the age of ten. *See* § 2305.11(B) as originally enacted.

Alternatively, plaintiffs argue that construing the statute of limitations provided in § 2305.11(B) to bar the instant action under the circumstances of this case would violate the equal protection and due process clauses of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution. Plaintiffs contend that the limitations period in § 2305.11(B), which treats all persons equally regardless of age, is unreasonable and arbitrary as applied to minors because minors do not have the same mental development, educational training, or understanding of the legal system as do adults. They assert that the statute of limitations in medical malpractice cases should be tolled until a minor reaches the age of majority. The plaintiffs further contend that the combined effect of the *Schwan* and *Opalko* decisions is to retroactively abrogate James M. Scardina, Jr.'s property rights without providing him with a reasonable period of time within which to bring suit.

Defendants' motion to dismiss raises a number of serious questions concerning statute of limitations and the effects of changes in statutes of limitations, whether it be by statutory amendment by a legislative body or by court decree. This Court shall attempt to establish simple, straightforward rules to cover most, if not all, situations involving a reduced statute of limitations period that affects accrued causes of action, both before a case is filed and when a case is pending. The Court shall distinguish between situations where the action is taken by a legislative body, or by the court, on either procedural or constitutional grounds.

The effects of changes in statutes of limitations depends on the facts of each case, as illustrated by the following examples:

(1) A cause of action has accrued, litigation has not yet been initiated, and the then existing statute of limitations has not run. The legislative body then amends the statute of limitations to shorten its term, precluding the timely filing of the formerly accrued lawsuit.

(2) A cause of action has accrued and litigation has been timely initiated under a stated statute of limitations. The legislative body then amends the statute of limitations by shortening it. The litigation would not have been timely filed under the shortened statute of limitations.

(3) A cause of action has accrued, litigation has not yet been initiated, and the then existing statute of limitations has not run. A court then decides a case which, in effect, shortens the applicable statute of limitations. The court's decision is based on other than constitutional grounds. The effect of the shortened statute of limitations is to preclude the timely filing of the formerly accrued lawsuit.

(4) A cause of action has accrued and litigation has been timely initiated under a stated statute of limitations. A court then decides a case which, in effect, shortens the applicable statute of limitations. The court's decision is based on other than constitutional grounds. The litigation would not have been timely filed under the shortened statute of limitations.

(5) A cause of action has accrued, litigation has not yet been initiated, and the then existing statute of limitations has not run. A court then decides a case by declaring a statute unconstitutional, which shortens the applicable statute of limitations. The effect of the shortened statute of limitations is to preclude the timely filing of the formerly accrued lawsuit.

(6) A cause of action has accrued and litigation has been timely initiated under a stated statute of limitations. A court then decides a case by declaring a statute unconstitutional, which shortens the applicable statute of limitations. The litigation would not have been timely filed under the shortened statute of limitations.

Defendants, under all of these circumstances, usually file a motion to dismiss on the basis that the amendment to the statute of limitations by the legislative body or

by court decision is retroactive, and thus should be applied in the pending case to find the lawsuit not timely filed. Plaintiffs, in these circumstances, argue in opposition that when a person has an accrued cause of action and there is a stated or accepted statute of limitations, that person has a vested right to maintain that action within the recognized statute of limitations, regardless of any action taken by the legislative body or by the courts to shorten the statute of limitations.

The issues to be resolved in determining what statute of limitations to apply in these situations include whether a recognized statute of limitations period remains inviolate as to all persons to whom a cause of action accrued prior to any shortening of the limitations period; whether it matters if the statute of limitations period is amended by legislative action or by court decision, either on constitutional or other grounds; and whether there is a distinction in the treatment of cases where the cause of action accrues and litigation has not yet been initiated, and in those cases where the litigation has been timely initiated and is pending.

In this Court's view, matters such as the application of statute of limitations should be governed by simple rules so that litigants and the courts can handle these procedural matters easily and move on to more substantive issues. Problems arise when appellate courts do not provide the reasons for their decisions in these areas: lower courts attempting to decipher and apply these decisions often are reversed. For example, in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court applied its holdings in these cases retroactively to the cases at hand even though the Court did not expressly discuss whether these decisions should, in fact, be given retroactive effect. *See Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986). Unfortunately, the Supreme Court is not required to provide reasons for its decisions.

The Court will now turn to a discussion of these issues and make some decisions in this regard. Courts have held that to the extent a legislative act amends a statute of limitations so as to bar accrued causes of action which were not barred by the previous statute, it is unconstitutional. *Sohn v. Waterson,* 84 U.S. (17 Wall.) 596, 599, 21 L.Ed.737 (1873). *See Chapman v. Douglas County Board of Commissioners,* 107 U.S. 348, 358, 2 S.Ct. 62, 70, 27 L.Ed. 378 (1883); *Ferguson v. Sturm, Ruger & Co., Inc.,* 524 F.Supp. 1042 (D.Conn.1981). Courts, however, have determined that a legislative act shortening an established statute of limitations may be saved from the proscription of this doctrine if it allows for a "grace period"—a reasonable time to permit the holder of an accrued cause of action to sue. *See, e.g., Atchafalaya Land Co. v. F.B. Williams Cypress Co.,* 258 U.S. 190, 196–97, 42 S.Ct. 284, 285–86, 66 L.Ed. 559 (1922); *United States v. Morena,* 245 U.S. 392, 397, 38 S.Ct. 151, 152, 62 L.Ed. 359 (1918); *Hupman v. Cook,* 640 F.2d 497, 503 (4th Cir.1981); *Ferguson v. Sturm, Ruger & Co., Inc., supra.*

A court in the situation as depicted in Example One first should examine the legislative act shortening the statute of limitations period and determine if it provides for a reasonable time to permit the holder of an accrued cause of action to sue. If the legislative act does not provide for a reasonable grace period, the court should declare the act unconstitutional and apply the previous statute of limitations period. If the act does provide for a reasonable grace period, the court then should determine if suit was brought during the grace period. An accrued cause of action which is timely under the previous statute of limitations, but is filed after the expiration of the grace period provided in the new statute of limitations, should be found barred under the new statute.

A court in the situation as depicted in Example Two should apply the previous statute of limitations. The retroactive ap-

plication of a legislative act shortening the limitations period to a case pending before the Court, which had been timely filed under the previous statute of limitations, would operate to destroy an accrued substantive right. *See Ferguson v. Sturm, Ruger & Co., Inc., supra; Gregory v. Flowers,* 32 Ohio St.2d 48, 290 N.E.2d 181 (1972). Thus, a provision applying a shortened statute of limitations to cases pending on the effective date of the new statute should be declared unconstitutional as violative of a person's due process rights under the Fourteenth Amendment of the United States Constitution.

The remaining examples concern judicial amendments to statute of limitations. The Supreme Court, in *Chevron Oil Co. v. Gaines Ted Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), set forth the criteria to be used by courts when deciding whether to apply retroactively the holding of a case. *Chevron* requires the federal courts to undertake a three-part analysis:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retrospective application, for "[w]here a decision of this Court could produce substantially inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Id.* at 106–07 92 S.Ct. at 355 (citations omitted).

The *Chevron* case itself involved the issue of whether a court decision changing the applicable statute of limitations period should be applied retroactively. Prior to *Chevron,* the Supreme Court held that un-der the Outer Continental Shelf Lands Act, the adjacent state's statute of limitations, rather than federal admiralty law as to laches, was applicable in a federal court action for injuries occurring on fixed structures located on the Outer Continental Shelf. *Rodrigue v. Aetna Casualty & Surety Co.,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). In *Chevron,* the Supreme Court held that the applicable state statute of limitations should not be applied. retroactively under *Rodrigue* in the case before it, since such case had been filed before *Rodrigue.* The Supreme Court noted that *Rodrigue* had resulted in an unforeseeable overturning of existing legal doctrine. *Id.* 404 U.S. at 107–08, 92 S.Ct. at 355–56.

Accordingly, a court in the situations depicted in Examples Three and Four should apply the three-part *Chevron* analysis to determine whether to apply retroactively a court decision shortening the applicable statute of limitations. The first and third criteria of the *Chevron* analysis play a particularly important role in cases involving the retroactive application of a shortened limitations period. These two criteria overlap, for it would be inequitable to give retroactive application to a "shortening of the limitations period that altered established law upon which plaintiff could have reasonably relied." *Fitzgerald v. Larson,* 769 F.2d 160, 164 (3d Cir.1985).

Courts have been reluctant to apply retroactively a shortening of the limitations period that altered clearly established law: such retroactive application would produce substantial inequitable results for those persons who had filed timely suits, or could still file timely suits, under the previous statute of limitations. *See, e.g., Chevron, supra; Al-Khazraji v. Saint Francis College,* 784 F.2d 505 (3d Cir.1986) (judicial decision establishing two-year statute of limitations for claims brought under 42 U.S.C. § 1981 could not be applied retroactively). Courts, however, have given retroactive effect to judicial decisions shortening the statute of limitations where no clear limitations period has ever been estab-

lished. *See, e.g., Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (giving retroactive effect to a shortened limitations period in a § 1983 action); *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (giving retroactive application to a shortened limitations period in a labor action brought pursuant to 29 U.S.C. § 185).

■ The situations depicted in Examples Five and Six are more troublesome for the courts than those depicted in Examples Three and Four. In Examples Five and Six, the applicable statute of limitations was shortened as the result of a court decision declaring a statute unconstitutional. This Court concludes that in such situations courts should give retroactive application to the shortened statute of limitations without regard to whether such retroactive application renders a pending case untimely or simply precludes the timely filing of a formerly accrued cause of action under the previous statute of limitations.

Both the *Chevron* analysis and policy considerations compel the above rule as to Examples Five and Six. Application of the *Chevron* analysis reveals that the second and third factors weigh heavily in favor of giving retroactive application to judicial decisions shortening the statute of limitations based on constitutional grounds. The purposes behind a judicial decision declaring a statute unconstitutional militate clearly in favor of retroactive application. By not applying retroactively a judicial decision shortening a statute of limitations based on constitutional grounds, courts would be permitting plaintiffs in certain situations to bring causes of actions in time periods found to be improper under the state or federal constitution.

Similarly, equitable considerations weigh in favor of retroactive application. This Court finds that plaintiffs have no vested right in a limitations period found to be unconstitutional by the courts. Accordingly, the retroactive application of such a judicial decision shortening the limitations period would not produce unduly inequitable results to plaintiffs with pending cases or with accrued causes of action still timely under the previous statute of limitations. Cases already decided under the prior statute of limitations before it is shortened by judicial decision on constitutional grounds, however, should not be upset or overturned.

This Court is sympathetic to the plaintiffs' plight in the instant case. However, the Ohio Supreme Court already has answered the questions raised in this case in its *Schwan* and *Opalko* decisions. In those cases, the Ohio Supreme Court considered Ohio Rev. Code Ann. § 2305.11(B) and its relationship to Ohio Rev. Code Ann. § 2305.16. It held that in medical malpractice cases, there is an absolute four-year statute of limitations, from the time the cause of action accrues, for both minors and adults.

■ This Court finds that the instant case falls within those situations as described in Example Five—the shortening of a statute of limitations by a court decision, based on constitutional grounds. The Court's rules regarding the retroactive application of shortened statute of limitations, as outlined above, call for the retroactive application of the *Schwan* and *Opalko* decisions. Inasmuch as the present cause of action was filed approximately six years after the operation, this Court finds that the present action is not timely filed.

Accordingly, the Court grants defendants' motion to dismiss. This case shall be dismissed at the plaintiffs' costs.

IT IS SO ORDERED.